IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| YU HIN CHAN,<br><br>  Plaintiff,<br><br>  vs.<br><br>KAREN MAY BACDAYAN, KEVIN C. McCLANAHAN, CARMEN A. PACHECO, DAWN HILL-KEARSE, WAVNY TOUSSAINT, RE/MAX,<br><br>  Defendants. | CV-25-128-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Plaintiff Yu Hin Chan ("Plaintiff"), appearing pro se, filed a Motion for Leave to Proceed in Forma Pauperis (Doc. 1) and a proposed Complaint (Doc. 2).

The Court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963). Proceeding in forma pauperis "is a privilege, not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). Here, the Court finds Plaintiff is not entitled to cost-free filing privileges under 28 U.S.C. § 1915.

First, Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs is deficient. Plaintiff refused to fully complete the form. Plaintiff

1

states that he would "prefer not to disclose" all of the required information, including his and his spouse's employer, their dates of employment, the name of his financial institution, the type of account he has there, his age, and his years of schooling. (Doc. 1 at 2, 5.)

Second, Plaintiff's proposed complaint appears frivolous. "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998). Because Plaintiff is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); see also, *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). But even construed liberally, Plaintiff's Complaint lacks any arguable basis in fact or law.

Plaintiff's complaint consists of a single page, with four sentences: (1) "The current owner of the apartment where Plaintiff resides is Re/Max, as the former owner claimed in his sworn affidavit," (2) "All defendants conspired together and deprived Plaintiff of due process," (3) "This Court has jurisdiction under the RICO act[,]" and (4) "Plaintiff demands $1 Billion against all Defendants." (Doc. 2.) These scant allegations fail to state a claim upon which relief could be granted. The Complaint does not state what each Defendant specifically did as part of the

alleged conduct, does not explain how Defendants violated Plaintiff's due process rights, and does not allege any facts showing the case arises under the RICO Act. There is also no indication that jurisdiction and venue is proper in this District. Plaintiff is apparently a resident of Brooklyn, New York. (Doc. 1 at ¶ 12), and there are no allegations showing how the purported claims have any connection to Montana, or how this Court would have jurisdiction over the parties.

Further, this action is one of dozens of duplicative complaints that Plaintiff has filed across the country. A PACER search reveals that between August and October of this year, Plaintiff has filed approximately 26 federal civil actions in 26 federal district courts.[1] The complaints are essentially identical, with the exception of the names of some of the defendants. Broadly, all of Plaintiff's complaints

---

[1] Plaintiff has filed his duplicative complaint in the following courts: Middle District of Alabama, Case No. 2:25-cv-624; Eastern District of California, Case No. 2:25-cv-2692; Southern District of Georgia, Case No. 1:25-cv-219; District of Guam, Case No. 1:25-cv-37; Southern District of Iowa, Case No. 4:25-cv-290; District of Idaho, Case No. 1:25-cv-598; Western District of Kentucky, Case No. 1:25-104; Eastern District of Louisiana, Case No. 2:25-cv-1959; Middle District of Louisiana, Case No. 3:25-cv-855; District of Maryland, Case No. 1:25-cv-3098; District of Maine, Case No. 2:25-cv-483; District of Mississippi, Case No. 3:25-cv-228; District of New Mexico, Case No. 1:25-cv-766; District of Nevada, Case No. 2:25-cv-2028; Southern District of Ohio, Case No. 1:25-cv-697; District of Oregon, Case No. 3:25-cv-1941; District of South Carolina, Case No. 2:25-cv-10356; District of South Dakota, Case No. 5:25-cv-5081; Western District of Tennessee, Case No. 2:25-cv2891; Southern District of Texas, Case No. 1:25-cv-214; Eastern District of Virginia, Case No. 2:25-cv-599; District of Vermont, Case No. 2:25-cv-725; Western District of Washington, Case No. 2:25-cv-2083; and District of Wyoming, Case No. 2:25-cv-220.

contain the same scant allegations of a conspiracy to deprive Plaintiff of due process and assert jurisdiction under the RICO Act. The complaints also all demand $1 billion in damages. Plaintiff's Complaint is, therefore, frivolous because it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995)).

Finally, the Court further notes that in each case, Plaintiff has requested to proceed in forma pauperis. Plaintiff's repeated filing of the same claim across multiple districts demonstrates that he is abusing the privilege of proceeding without paying filing fees. Therefore, his motion to proceed in forma pauperis should be denied. *See e.g. Chan v. Bacdayan, et al.*, 5:25-cv-5081-CBK, Docket No. 4 (D. S.D. Oct. 23, 2025) (denying Plaintiff's motion to proceed in forma pauperis for abusing the process of the courts).

Plaintiff is not entitled to a fourteen-day period to object. *See Minetti*, 152 F.3d at 1114 (holding plaintiff "was not entitled to file written objections to the magistrate judge's recommendation that [his] application to proceed in forma pauperis be denied.").

Based upon the foregoing, the Court issues the following:

## RECOMMENDATION

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 1) should be **DENIED**.

2.	Plaintiff should be directed to pay the $405.00 filing fee within 14 days of the adoption of these Recommendations. If Plaintiff fails to do so, the Clerk of Court should be directed to close this matter for failure to prosecute.

DATED this 27th day of October, 2025.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge