IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| YU HIN CHAN,<br><br>Plaintiff,<br><br>vs.<br><br>KAREN MAY BACDAYAN, KEVIN C. McCLANAHAN; CARMEN A. PACHECO; DAWN HILL-KEARSE; WAVNY TOUSSAINT; and RE/MAX,<br><br>Defendants. | CV-25-128-BLG-SPW<br><br>ORDER ADOPTING MAGISTRATE'S FINDINGS AND RECOMMENDATIONS |

United States Magistrate Judge Timothy J. Cavan entered his Findings and Recommendations on September 27, 2025 (Doc. 4), recommending that Plaintiff Yu Hin Chan's motion for leave to proceed in forma pauperis be denied (Doc. 1). Because Judge Cavan was acting pursuant to the authority vested in him under 28 U.S.C. § 636(b)(3), Mr. Chan is not afforded the opportunity to object. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998).

This lack of an opportunity to object, however, necessitates de novo review. *See United States v. Peacock*, 761 F.2d 1313, 1318 (9th Cir. 1985) (holding that referral of matters to magistrates under 28 U.S.C. § 636(b)(3) "does not offend the Constitution so long as de novo review is available in the district court"). Ultimately,

1

the Court finds that de novo review compels the same conclusion reached by Judge Cavan.

Federal law generally requires plaintiffs to pay a fee before their civil complaint will be filed. 28 U.S.C. § 1914(a). This Court may waive the filing fee for persons who cannot afford it by granting them in forma pauperis status. *Id.* § 1915(a); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1051 n.1 (9th Cir. 2006) (noting that although this statute it textually limited to "prisoners" in places, it nonetheless "applies to all persons"). Importantly, proceeding in forma pauperis "is a privilege, not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

As such, the Court must "examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis." *Id.* Indeed, the Court "may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Minetti*, 152 F.3d at 1115. In light of Mr. Chan's pro se status, the Court will liberally construe his proposed Complaint applying "less stringent standards than formal pleadings drafted by lawyers" no matter how "inartfully pleaded." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Applying these principles, the Court finds that Mr. Chan's proposed Complaint is without merit.

As Judge Cavan noted, Mr. Chan's Complaint contains scant allegations and thus fails to state a claim upon which relief could be granted. (Doc. 4 at 2). The Complaint's four sentences fail to state what each Defendant specifically did as part of the alleged conduct, does not explain how Defendants violated Mr. Chan's due process rights, and does not allege facts showing the case arises under the RICO Act. There is also no indication that jurisdiction or venue is proper. Finally, as detailed by Judge Cavan, Mr. Chan's Complaint is duplicative of dozens of other complaints he has filed across the country. (*Id.* at 3). In sum, the Court finds that the proceeding Mr. Chan seeks to initiate is without merit.

Accordingly, IT IS ORDERED that Judge Cavan's proposed Findings and Recommendations (Doc. 4) is ADOPTED in full.

IT IS FURTHER ORDERED that Mr. Chan's motion for leave to proceed in forma pauperis (Doc. 1) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall close this matter unless Mr. Chan pays the $405.00 filing fee within 14 days of this Order.

DATED this 27th day of October, 2025.

SUSAN P. WATTERS
United States District Judge